## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN, MILWAUKEE DIVISION

| | | |
|---|---|---|
| **DONALD H. ARTZ,** | ) | |
| | ) | |
| *Plaintiff* | ) | **Case No.** |
| | ) | |
| *v.* | ) | |
| | ) | |
| **WEC ENERGY GROUP WELFARE PLAN,** | ) | |
| **By its administrator EMPLOYEE BENEFITS** | ) | |
| **COMMITTEE OF WEC,** | ) | |
| | ) | |
| *Defendant* | ) | |

## NOTICE OF REMOVAL

Defendant, WEC ENERGY GROUP WELFARE PLAN (the "Plan"), by the Employee

Benefits Committee of WEC as Plan Administrator, and through its attorney Warren von

Schleicher of Smith von Schleicher & Associates, provides notice of removal of this action to the

United States District Court for the Eastern District of Wisconsin, Milwaukee Division, pursuant

to 28 U.S.C. §1441 *et seq.*, and respectfully presents to this Court the following grounds for

removal:

1.      The Plan is the defendant in an action captioned *Donald H. Artz v. WEC Energy

Group Welfare Plan a domestic long-term disability plan by its administrator Employee Benefits

Committee of WEC*, Case No. 2021CV000094, pending in the Circuit Court of Washington

County, Wisconsin.  Plaintiff Donald H. Artz ("Plaintiff") commenced this action on February

25, 2021 by filing a Complaint in the Circuit Court of Washington County, Wisconsin.

2.      The Plan voluntarily accepted service of Summons and Complaint on March 15,

2021, and was not served prior thereto.  The Plan's Notice of Removal is timely pursuant to 28

U.S.C. §1441 and §1446 because it was filed within 30 days of service.  A copy of the Summons

and Complaint are attached as Exhibits A and B.  The Summons and Complaint constitute all of the process, pleadings and orders served on the Plan.

3.      The Plan removes this action pursuant to 28 U.S.C. §1441 based on federal question jurisdiction under 28 U.S.C. §1331.  The United States District Court for the Eastern District of Wisconsin, Milwaukee Division, is the proper venue for removal of this action from the Circuit Court of Washington County, Wisconsin.  A copy of the Notice of Filing Notice of Removal to be filed with the Circuit Court of Washington County, Wisconsin is attached as Exhibit C.

4.      The Court has federal question jurisdiction under 28 U.S.C. §1331 because Plaintiff asserts a claim for payment of disability benefits under an employee welfare benefit plan, sponsored by his former employer WEC Energy Group, Inc. ("Employer"), and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA"). (Ex. B, Compl. ¶¶ 3-7, 9-10, 12-17, Wherefore clause).  A copy of the ERISA Plan Booklet-Certificate is attached as Exhibit D.

5.      This action is removable pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441, because Plaintiff's claim for payment of benefits under the Plan is governed by and arises under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).  Section 502(a)(1)(B) of ERISA allows a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

6.      Section 502(a)(1)(B) completely preempts the state law claims asserted in the Complaint.  Complete preemption under ERISA §502(a) has such "extraordinary pre-emptive power" that it converts certain state law claims into ERISA claims, and confers federal

2

jurisdiction to adjudicate those claims under ERISA. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). "'[C]auses of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.'" *Id.* (quoting *Taylor*, 481 U.S. at 66).

7.      The Plan constitutes an ERISA-regulated employee welfare benefit plan established and maintained by the Employer for the purpose of providing, *inter alia*, disability insurance coverage to eligible employees of the Employer as a benefit of employment. This case is properly removable based on federal question jurisdiction pursuant to ERISA and the doctrine of complete preemption:

(i)      The Employer established and/or maintained the plan as an employee welfare benefit plan under ERISA pursuant to 29 U.S.C. §1002(1) and §1002(5) for the purpose of providing, *inter alia*, disability insurance coverage to the Employer's eligible employees. (Ex. B, Complaint, ¶¶ 2, 3; Ex. D, Plan, pgs. 16-17, 19-21, 33-34).

(ii)     The Plan specifies that it is governed by ERISA, and provides ERISA information, including a Statement of ERISA Rights. (Ex. D, Plan, pgs. 33-39).

(iii)    The Plan constitutes an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1), and falls outside of the regulatory safe harbor in 29 C.F.R. §2510.3-1(j).

(iv)    Plaintiff asserts a claim for disability benefits under the Plan and is a participant or beneficiary as defined by 29 U.S.C. §1002(7) and (8) in that he has asserted a colorable claim to employee welfare plan benefits provided under the ERISA-regulated Plan that was established, maintained and endorsed by the Employer.

(v)     Pursuant to 29 U.S.C. §1132(e), the district courts of the United States have original jurisdiction over actions brought by participants or beneficiaries to recover benefits or other relief under employee welfare benefit plans.

8.      ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), provides Plaintiff with exclusive remedies for recovery of benefits, pursuant to *Taylor*, 481 U.S. 58 and *Pilot Life Ins.*

*Co. v. Dedeaux*, 481 U.S. 41 (1987). Plaintiff's claim for payment of disability benefits is based on the terms of the Plan and cannot be resolved without interpreting the terms of the Plan relating to qualification for and payment of Plan benefits including the Plan's definition of Disability. Plaintiff's state law claims, therefore, fall within the scope of 29 U.S.C. §1132(a)(1)(B) and are completely preempted and governed by ERISA. *See Davila*, 542 U.S. at 210.

9.     Because federal question jurisdiction exists under 28 U.S.C. §1331 based on ERISA and the doctrine of complete preemption under 29 U.S.C. §1132(a), the Plan is entitled to removal of this lawsuit from state court to federal court pursuant to 28 U.S.C. §1441. This case is properly removed from the Circuit Court of Washington County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division, based on federal question jurisdiction.

10.     This Court has original jurisdiction over this action based on federal question jurisdiction, and therefore the action is properly removed to this Court pursuant to 28 U.S.C. §1331, 28 U.S.C. §1441, and 28 U.S.C. §1446.

WHEREFORE, Removing Party and Defendant, WEC ENERGY GROUP WELFARE PLAN, by the Employee Benefits Committee of WEC as Plan Administrator, requests that the above action be removed from the Circuit Court of Washington County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division.

Respectfully submitted,

Warren von Schleicher (Ill. Bar 6197189)
SMITH | VON SCHLEICHER + ASSOCIATES
180 North LaSalle Street, Suite 3130
Chicago, Illinois 60601
P  312.541.0300 | F  312.541.0933
warren.vonschleicher@svs-law.com

By: */s/ Warren von Schleicher*
Attorney for Removing Party/Defendant,
WEC Energy Group Welfare Plan, by the Employee
Benefits Committee of WEC as Plan Administrator

4

**CERTIFICATE OF SERVICE**

I certify that on March 29, 2021, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system. I further certify that a paper copy of the electronically filed document was served on the attorneys addressed below via U.S. Mail, postage pre-paid at 180 North LaSalle Street, Chicago, Illinois.

Ryan J. Hetzel
Hetzel Law Office, LLC
411 North River Road
West Bend, WI 53090

/s/ Warren von Schleicher
SMITH | VON SCHLEICHER + ASSOCIATES
180 North LaSalle St. Suite 3130
Chicago, Illinois 60601
P 312.541.0300 | F 312.541.0933
warren.vonschleicher@svs-law.com
Ill. Bar No. 6197189

5